**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES CASTON, *et al.*, | |
| Plaintiffs, | |
| v. | 2:07-cv-00451-LRH-LRL |
| U.S. PRESIDENT GEORGE BUSH, JR., *et al.*, | **APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)** |
| Defendants. | |

**REPORT & RECOMMENDATION**

Charles Caston, acting *pro se*, has brought suit on his own behalf and on the behalf of Casinos Las Vegas, Reno. Plaintiff is suing U.S. President George Bush, Jr. [sic], Governor Gibbons, George Bush, Nancy Poloski [sic], California Governor Arnold Swartznagger [sic], Texas Governor Rick Perry, New York Governor George Pataki [sic], Vice President Dick Chaney, and Mexico's President Andres Manuel Lopex Obrador [sic] for violating his constitutional rights. Plaintiff asks the court to seize 84 Lumber, Office Depot, the Pentagon, and the White House. Plaintiff also requests the court to stop the war in Iraq and release the prisoners in Guantanamo Bay and Afghanistan. Plaintiff filed an Application to Proceed *In Forma Pauperis* and Complaint on April 6, 2007 (#1).

**DISCUSSION**

**I. *Pauperis* Status**

28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court. *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). Based on the Application, plaintiff qualifies for *pauperi*s status. *See* 28 U.S.C.

§ 1915.

## II. Complaint

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

As a Complaint, the plaintiff submitted a form titled "Civil Asset Forfeiture and Criminal Seizure and Order of Protection Against Domestic Violence." The form is not one used in this court, nor does the information contained therein form the basis of a claim upon which relief may be granted. In fact, plaintiff's Complaint rises to the level of the irrational or the wholly incredible.

Plaintiff claims that the Pentagon and the White House need to be seized because they are involved in R.I.C.O. violations and overcharging plaintiff everything he buys. Plaintiff also accuses

an unspecified defendant of controlling the slot machines, breaking and entering his storage unit, taking money out of his bank account, and black mailing American Indians. Further, plaintiff claims that urine was poured on him while he slept, he is being stalked by U.S. Military personnel, and that his cousin was killed by the U.S. Military. Finally, plaintiff states that he is being denied a home, a family, a drivers license, and sex with women. Given the delusional allegations of plaintiff's Complaint, the legal and factual deficiencies cannot be cured by amendment.

## ORDER

IT IS ORDERED that the Application to Proceed *in Forma Pauperis* (#1) is GRANTED.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Complaint should be filed and dismissed with prejudice.

## NOTICE

Pursuant to LR IB 3-2(a), any objections to this Report and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days from receipt of this Notice.

DATED this 14th day of June, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**